UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

REBECCA A. SCIANDRA,

                Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,

                Defendant.

COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

Jury Trial Demanded

## INTRODUCTION

1. This is an action for damages and declaratory relief by an individual consumer for repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter the "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this district under 28 U.S.C. § 1391(b) in that the Plaintiff resides here, defendant transacts business here and the conduct complained of occurred here.

## PARTIES

4. Plaintiff, REBECCA A. SCIANDRA ("Plaintiff"), is a natural person residing in Erie County, residing in the Western District of New York, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant NCO FINANCIAL SYSTEMS, INC. ("Defendant"), is a foreign corporation organized under the laws of Pennsylvania, that Defendant is a foreign corporation, regularly engages in the collection of debts in this state, and that Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. That all references to Defendant shall include an employee or employees of Defendant, whose actions alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

## FACTUAL ALLEGATIONS

7. That Plaintiff incurred a financial obligation arising out of a transaction that was primarily for personal, family, or household purposes (the "Account").

8. That the Account is a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. That following Plaintiff's default on the Account, the Account was assigned, placed or otherwise transferred to the Defendant for collection from Plaintiff.

10. That Plaintiff has received phone calls and voicemail messages from Defendant who was attempting to collect the Account, which calls each individually constituted a "communication" as defined by the FDCPA, 15 U.S.C. § 1692a(2).

11. That during the period from period from June 18, 2008, through August 12, 2008, a 56 day period, Defendant made at least 200 communications with Plaintiff in an attempt to collect on the Account.

12. That during the month of June, 2008, Defendant, utilizing an apparent automated dialer or messaging device, engaged in a conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the Account, in that Defendant left voice messages for Plaintiff on the following days and times (all E.S.T.):

    (a)    June 18, 2008,
            1)    9:17 a.m.;
            2)    12:42 p.m.; and
            3)    5:51 p.m.;
    (b)    June 19, 2008,
            1)    9:15 a.m.;
            2)    11:53 a.m.;
            3)    1:42 p.m.;
            4)    3:11 p.m.;
            5)    6:40 p.m.; and
            6)    7:07 p.m.;
    (c)    June 20, 2008,
            1)    9:11 a.m.;
            2)    11:14 a.m.;
            3)    12:50 p.m.;
            4)    3:07 p.m.;
            5)    5:54 p.m.; and
            6)    7:38 p.m.;
    (d)    June 21, 2008,
            1)    9:10 a.m.;
            2)    9:29 a.m.;
            3)    11:30 a.m.;

                    4)     1:45 p.m.;and  
                    5)     4:16 p.m.;  
    (e)     June 22, 2008,  
                    1)     9:09 a.m.;and  
                    2)     1:28 p.m.;  
    (f)     June 23, 2008,  
                    1)     9:08 a.m.;  
                    2)     12:25 p.m.;  
                    3)     3:22 p.m.; and  
                    4)     5:26 p.m.;  
    (g)     June 24, 2008,  
                    1)     9:11 a.m.;  
                    2)     9:22 a.m.; and  
                    3)     2:35 p.m.;  
    (h)     June 25, 2008,  
                    1)     9:06 a.m.;  
                    2)     9:28 a.m.;  
                    3)     10:34 a.m.;  
                    4)     1:13 p.m.; and  
                    5)     4:52 p.m.;  
    (i)     June 26, 2008,  
                    1)     9:17 a.m.;  
                    2)     10:50 a.m.;  
                    3)     4:53 p.m.;and  
                    4)     8:33 p.m.;  
    (j)     June 27, 2008,  
                    1)     9:16 a.m.;  
                    2)     9:45 a.m.;and  
                    3)     5:34 p.m.;  
    (k)     June 28, 2008,  
                    1)     9:14 a.m.;  
                    2)     9:28 a.m.;  
                    3)     1:25 p.m.;and  
                    4)     5:25 p.m.;  
    (l)     June 29, 2008,  
                    1)     9:14 a.m.;and  
                    2)     2:33 p.m.;  
    (m)     June 30, 2008,  
                    1)     9:08 a.m.;  
                    2)     11:33 a.m.;  
                    3)     3:01 p.m.;and  
                    4)     8:02 p.m.

13. That during the month of July, 2008, Defendant, utilizing an apparent automated dialer or messaging device, engaged in a conduct the natural consequence of which is to harass,

oppress, or abuse Plaintiff in connection with the collection of the Account, in that Defendant left voice messages for Plaintiff on the following days and times (all E.S.T.):

(a) July 1, 2008,
 1) 9:12 a.m.;
 2) 9:49 a.m.;and
 3) 4:11 p.m.;
(b) July 2, 2008,
 1) 9:08 a.m.;
 2) 9:24 a.m.;
 3) 12:46 p.m.;and
 4) 5:16 p.m.;
(c) July 3, 2008,
 1) 9:21 a.m.;
 2) 9:37 a.m.;
 3) 11:28 a.m.; and
 4) 6:02 p.m.;
(d) July 4, 2008,
 1) 9:32 a.m.;and
 2) 1:29 p.m.;
(e) July 5, 2008,
 1) 9:10 a.m.;
 2) 9:20 a.m.;
 3) 12:03 p.m.;
 4) 3:25 p.m.;and
 5) 5:49 p.m.;
(f) July 6, 2008,
 1) 9:09 a.m.;
 2) 12:10 p.m.;and
 3) 4:41 p.m.;
(g) July 7, 2008,
 1) 2:50 p.m.; and
 2) 5:55 p.m.;
(h) July 8, 2008,
 1) 9:06 a.m.;
 2) 9:16 a.m.;
 3) 12:08 p.m.;and
 4) 6:36 p.m.;
(i) July 9, 2008,
 1) 9:08 a.m.;
 2) 10:43 a.m.;
 3) 11:46 a.m.;
 4) 11:49 a.m.;
 5) 2:37 p.m.;
 6) 3:26 p.m.; and

       7) 7:00 p.m.;
(j) July 10, 2008,
       1) 9:07 a.m.;
       2) 9:12 a.m.;
       3) 11:27 a.m.;
       4) 12:48 p.m.;
       5) 2:03 p.m.; and
       6) 5:03 p.m.;
(k) July 11, 2008,
       1) 9:13 a.m.;
       2) 9:32 a.m.;
       3) 12:17 p.m.;
       4) 12:40 p.m.; and
       5) 5:45 p.m.;
(l) July 12, 2008,
       1) 9:08 a.m.;
       2) 11:41 a.m.;
       3) 2:43 p.m.;and
       4) 5:28 p.m.;
(m) July 13, 2008,
       1) 9:33 a.m.;and
       2) 12:22 p.m.;
(n) July 27, 2008,
       1) 4:56 p.m.;
       2) 6:26 p.m.;
       3) 7:10 p.m.;
       4) 7:51 p.m.; and
       5) 8:25 p.m.;
(o) July 28, 2008,
       1) 8:36 a.m.;
       2) 10:56 a.m.;
       3) 11:46 a.m.;
       4) 1:39 p.m.;
       5) 3:01 p.m.;
       6) 6:22 p.m.; and
       7) 6:57 p.m.;
(p) July 29, 2008,
       1) 8:12 a.m.;
       2) 12:31 p.m.;
       3) 3:32 p.m.;
       4) 5:13 p.m.;
       5) 6:39 p.m.;
       6) 7:23 p.m.; and
       7) 8:08 p.m.;
(q) July 30, 2008,

        1)    8:31 a.m.;
        2)    9:59 a.m.;
        3)    11:40 a.m.;
        4)    4:12 p.m.;
        5)    7:23 p.m.; and
        6)    8:45 p.m.;
(r)    July 31, 2008,
        1)    8:18 a.m.;
        2)    9:56 a.m.;
        3)    11:43 a.m.;
        4)    2:21 p.m.;
        5)    5:46 p.m.;
        6)    6:40 p.m.; and
        7)    7:44 p.m.;

14. That during the month of July, 2008, Plaintiff obtained a new cellular phone, and, although Defendant continued to call Plaintiff during the period of time July 14, 2008, through July 26, 2008, Plaintiff was unable to retain a log of such communications.

15. That during the month of August, 2008, Defendant, utilizing an apparent automated dialer or messaging device, engaged in a conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the Account, in that Defendant left voice messages for Plaintiff on the following days and times (all E.S.T.):

    (a)    August 1, 2008,
        1)    8:50 a.m.;
        2)    11:45 a.m.;
        3)    1:46 p.m.;
        4)    7:42 p.m.; and
        5)    8:80 p.m.;
    (b)    August 2, 2008,
        1)    11:31 a.m.;
    (c)    August 3, 2008,
        1)    11:35 a.m.;
    (d)    August 4, 2008,
        1)    8:23 a.m.;
        2)    10:37 a.m.;
        3)    11:30 a.m.;
        4)    5:20 p.m.; and
        5)    8:07 p.m.;
    (e)    August 5, 2008,
        1)    8:22 a.m.;
        2)    10:39 a.m.;
        3)    11:27 a.m.;
        4)    5:28 p.m.;

        5) 6:36 p.m.;
        6) 7:30 p.m.; and
        7) 8:11 p.m.;
  (f) August 6, 2008,
        1) 8:23 a.m.;
        2) 9:34 a.m.;
        3) 11:20 a.m.;
        4) 2:51 p.m.;
        5) 5:14 p.m.;
        6) 6:38 p.m.; and
        7) 7:38 p.m.;
  (g) August 7, 2008,
        1) 8:27 a.m.;
        2) 10:36 a.m.;
        3) 1:10 a.m.;
        4) 4:39 p.m.;
        5) 5:40 p.m.;
        6) 6:24 p.m.; and
        7) 8:16 p.m.;
  (h) August 8, 2008,
        1) 10:42 a.m.;
        2) 5:37 p.m.;
        3) 6:43 p.m.;
        4) 8:10 p.m.; and
        5) 8:46 p.m.;
  (i) August 9, 2008,
        1) 8:05 a.m.;
        2) 8:43 a.m.;
        3) 9:00 a.m.;
        4) 11:28 a.m.;
        5) 4:02 p.m.;
        6) 4:36 p.m.; and
        7) 4:59 p.m.;
  (j) August 10, 2008,
        1) 11:21 a.m.;
        2) 2:49 p.m.;
        3) 5:21 p.m.;
        4) 5:47 p.m.;
        5) 6:16 p.m.;
        6) 6:24 p.m.; and
        7) 6:48 p.m.;
  (k) August 11, 2008,
        1) 8:03 a.m.;
        2) 9:58 a.m.;
        3) 11:48 a.m.;

                         4)       5:37 p.m.;
                         5)       8:03 p.m.; and
                         6)       8:38 p.m.;
          (l)      August 12, 2008,
                         1)       8:03 a.m.;
                         2)       10:55 a.m.;
                         3)       11:35 a.m.;
                         4)       5:17 p.m.;
                         5)       6:37 p.m.;
                         6)       7:35 p.m.; and
                         7)       8:26 p.m.;

16. That during the 12 day period in August, 2008, that Plaintiff maintained a call log, Defendant caused Plaintiff's cellular telephone to repeatedly or continuously ring at least 65 times, an average of almost 5 ½ calls per day.

17. That on one particular day, August 10, 2008, Defendant caused Plaintiff's cellular telephone to repeatedly or continuously ring five (5) times between the time starting at 5:21 p.m. and ending 6:48 p.m.- that is approximately one call an average of every 17 minutes.

18. That during the 43 days Plaintiff maintained a log of Defendant's telephone calls, Defendant caused Plaintiff's cellular telephone to ring at least four (4) times or more on 29 of those days.

19. That Defendant causing Plaintiff's cellular phone to repeatedly or continuously ring during this 56 day period of time was conduct intending to annoy, abuse, or harass Plaintiff, and violates the FDCPA, 15 U.S.C. § 1692d(5).

20. That Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff, and violate the FDCPA, 15 U.S.C. § 1692d.

21. That Defendant's statements and actions are part of a campaign of abusive and unlawful collection tactics directed at Plaintiff.

22. That as a result of the actions of Defendant, Plaintiff has been embarrassed, humiliated, become upset, and suffered damages, including emotional distress.

### FIRST CAUSE OF ACTION UNDER THE FDCPA

23. Plaintiff repeats and realleges and incorporates as if fully rewritten herein paragraphs 1 through 22.

24. That Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5) by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, as described in this complaint.

25. That as a result of such violation Plaintiff has suffered damages, including emotional distress.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant for the following:

- A. Actual damages as proven at trial, on each and every claim, pursuant to 15 U.S.C. § 1692k;
- B. Statutory Damages pursuant to 15 U.S.C. § 1692k;
- C. Costs, disbursements, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;
- D. For such other and further relief as may be just and proper.

Dated: September 24, 2008

/s/Christopher D. Smith_____
Christopher D. Smith, Esq.
CHRISTOPHER D. SMITH& ASSOCIATES
*Attorney for Plaintiff*
42 Lake Street
Hamburg, New York 14075
Telephone: (716)648-1400
Email: cdsmith@cdsmithassociates.com

## VERIFICATION

I, Rebecca A. Sciandra, verify that I am the Plaintiff in this action and that the foregoing Complaint, that the facts contained therein are true and correct to the best of my knowledge, information, or belief under penalties of perjury as provided by law, that this Complaint is not filed for any improper purpose, such as to harass any Defendant, that the Complaint is filed in good faith and is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law..

/s/Rebecca A. Sciandra
Rebecca A. Sciandra        Dated: 9/26/08